UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HUNTER PLUMMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MIKE DURFEE STATE PRISON;<br><br>Respondent. | 5:26-CV-05119-RAL<br><br>ORDER FOR SERVICE AND TO SHOW CAUSE |

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Hunter Plumman is incarcerated at the Mike Durfee State Prison in Springfield, South Dakota, pursuant to a state court criminal judgment of conviction. See Dkt. 1. Plumman filed a petition for a writ of habeas corpus dated September 26, 2026, seeking to collaterally attack his state court conviction. Id. The petition lists August 18, 2025, as the date of Plumman's conviction. Id.

The Court has screened the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and concludes summary dismissal is not warranted at this stage. However, it appears from the petition that Plumman may have failed to exhaust his available state remedies before filing this federal petition. See 28 U.S.C. § 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before

he presents those claims to a federal court in a habeas petition."). Accordingly, it is hereby

ORDERED that the Clerk of Court will deliver or serve a copy of the petition (Dkt. 1) and this order on the Respondent and the Attorney General of South Dakota. The Clerk shall also direct a copy of this order to Petitioner. It is further

ORDERED that Respondent will serve and file an answer, motion, or other responsive pleading, together with a legal brief or memorandum and any other materials required by Rule 5 of the Habeas Rules, on or before **November 30, 2026**. Respondent shall also file the complete state court record in Petitioner's state court case, as well as any and all state habeas cases.

IT IS FURTHER ORDERED

That both Respondent and Petitioner shall show cause no later than **November 30, 2026**, why the petition should not be dismissed for failure to exhaust state court remedies before filing of a federal habeas petition. The parties should also address the timeliness of the petition.

**Petitioner is notified that failure to respond to the above order to show cause may result in dismissal of his petition in this Court.**

DATED this 28th day of October, 2026.

BY THE COURT:

MARK W. HAIGH
United States Magistrate Judge